# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20572
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGO ALEXANDER MELENDEZ-GONZALEZ, also known as El Gordo, also known as Mario Antonio Chavez-Melendez, also known as Jose Antonio Melendez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-497-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hugo Alexander Melendez-Gonzalez pleaded guilty, pursuant to a plea agreement containing an appellate waiver, to trafficking a minor female referred to as M.G.C. in or about March 2013, in violation of 18 U.S.C. § 1591.  In return for the guilty plea, the government agreed to move to dismiss the remaining three counts of the indictment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not to oppose a request for a two-level downward adjustment for acceptance of responsibility.  In the presentence report (PSR), the probation officer relied on U.S.S.G. § 2G1.3(d)(1) and U.S.S.G. § 1B1.3(a)(1) to treat the crimes against other victims who were trafficked at the same time as M.G.C. as relevant conduct in "pseudocounts."  Melendez-Gonzalez objected to the PSR because the probation officer did not show that the other victims were trafficked at the same time as M.G.C.  The district court overruled his objection and sentenced him to 327 months of imprisonment and 10 years of supervised release.

On appeal, Melendez-Gonzalez argues that the government breached the plea agreement by endorsing the use of pseudocounts and uncharged conduct to enhance his sentence.  Typically, whether the government has breached a plea agreement is a question of law that we review de novo.  *United States v. Chavful*, 781 F.3d 758, 761 (5th Cir. 2015).  Here, however, plain error review applies because Melendez-Gonzalez did not object to any breach in the district court.  *See United States v. Hebron*, 684 F.3d 554, 557-58 (5th Cir. 2012).  Therefore, Melendez-Gonzalez must show a forfeited error that is clear or obvious and that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  And, even if he makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citations omitted).

A defendant may claim that the government breached the plea agreement despite the appeal waiver contained in his plea agreement.  *See United States v. Keresztury*, 293 F.3d 750, 756-57 (5th Cir. 2002).  The defendant "has the burden of demonstrating the underlying facts that establish breach by a preponderance of the evidence."  *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (internal quotation marks and citation

omitted).  "In determining whether the government violated a plea agreement, this court considers whether the government's conduct was consistent with the defendant's reasonable understanding of the agreement."  *United States v. Munoz*, 408 F.3d 222, 226 (5th Cir. 2005) (internal quotation marks and citation omitted).

Melendez-Gonzalez has failed to show an error, plain or otherwise, because he has not shown that the government breached the plea agreement. *See Puckett*, 556 U.S. at 135.  The government does not breach a plea agreement by supporting enhancements based on relevant conduct when the plea agreement does not include a promise to disregard relevant conduct.  *See United States v. Hinojosa*, 749 F.3d 407, 413-14 (5th Cir. 2014); *United States v. Hoster*, 988 F.2d 1374, 1378 (5th Cir. 1993).  In this case, the government did not promise to disregard relevant conduct.  It only agreed to dismiss the remaining counts of the indictment, which it did.

The judgment of the district court is AFFIRMED.